UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| RANDY D. JONES, | ) | 3:14-cv-00443-RCJ-VPC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | June 5, 2015 |
| | ) | |
| GREG COX, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  Katie Lynn Ogden  </u>  REPORTER: <u>            FTR            </u>

COUNSEL FOR PLAINTIFF: <u>  Randy D. Jones, In Pro Per                       </u>

COUNSEL FOR DEFENDANTS: <u>  Peter Keegan, Esq.                             </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

11:06 a.m.  Court convenes.

As directed by this court's order dated May 1, 2015 (Doc. # 14), in addition to Plaintiff and counsel for Defendants attendance, also appearing at today's conference are Deputy Attorney General Garrit Pruyt, Nevada Department of Corrections Representative Lt. Stacy Branham, Nevada Department Of Corrections Deputy Director of Operations E.K. McDaniel and State of Nevada Tort Claims Manager Nancy Katafias.

The court's hearing is convened to address Plaintiff's Motion for Sanctions (Doc. # 12).  The parties are reminded that only this specific motion has been referred to U.S. Magistrate Judge William G. Cobb pursuant to court order entered by U.S. Magistrate Judge Valerie P. Cooke (Doc. # 13).  The court explains the issue before the court today pertain to certain confidential communications during the Early Mediation Conference ("EMC") held on April 14, 2015, which were disseminated in part to Nevada Department of Corrections ("NDOC") personnel, and the administrative discipline subsequently imposed by NDOC on Plaintiff Jones as a result of those disclosures.  The court cautions the parties the purpose of the hearing is *not* to address the legitimacy of whether an inmate can possess grape fruit juice in his cell, which appears to be a component of count two of Plaintiff's civil rights complaint (Doc. # 1).  Instead, the sole issue would be the disclosure of confidential communications during a court-sanctioned Early Mediation Conference.

1

Minutes of Proceedings
3:14-cv-00443-RCJ-VPC
June 5, 2015

      The court requests Deputy Director McDaniel to clarify whether the disciplinary charges brought against Plaintiff Jones on April 14, 2015, have been dismissed and, as represented by Defendants (Doc. # 15-2), actually expunged from Plaintiff's NDOC files. The court notes Plaintiff states the charges were dismissed but not expunged. (Doc. # 19). Deputy Director McDaniel explains the charges were dismissed and that - as of June 4, 2015 - the charges have been expunged. Deputy Director McDaniel additionally confirms Plaintiff's I-File does not contain any documentation regarding the disciplinary charges being addressed today. Deputy Director McDaniel provides the court with two documents that confirm his representations to the court regarding the dismissal and expungement of the disciplinary charges. Defendants' Exhibits 1 and 2 are admitted into evidence for this motion hearing. Plaintiff is satisfied his disciplinary charges have been both dismissed and expunged.

      The court finds it appropriate for Plaintiff to also have the opportunity to review his I-File. Therefore, DAG Keegan is directed to coordinate with the Northern Nevada Correctional Center ("NNCC") to reserve a time for Plaintiff to review his I-File. No later than **Friday, June 12, 2015**, DAG Keegan shall file a notice with the court confirming Plaintiff was afforded the chance to review his I-File. Should the Plaintiff not be afforded the opportunity to review his I-File or if adverse information relative to the disciplinary charges at issue remains in his I-File, Plaintiff should notify the court no later than **Friday, June 19, 2015**.

      The court next discusses with DAG Keegan if any changes have been implemented by the NDOC to ensure confidentiality during and after settlement conferences. DAG Keegan explains that as represented in the Declaration of Lt. Branham (Doc. # 15), a protocol has been informally developed with the assistance of Magistrate Judge Cooke. DAG Keegan indicates in the event there is information shared between the parties during a mediation session that raises concerns regarding the safety and/or security of either inmates, NDOC staff or NDOC facilities, that those concerns be communicated to the mediator first. If necessary, the mediator would then bring this information to the attention of the assigned Magistrate Judge and at that time, it would be decided whether the information poses a possible security risk, and if so, whether the otherwise confidential information should be communicated to appropriate NDOC officials.

      After reviewing the briefing associated with Plaintiff's motion for sanctions, the declarations submitted by NDOC representatives, and hearing from the parties today, the court finds the NDOC has adequately explained the rationale for the disclosure of confidential EMC communications in this matter. The court further finds that the NDOC and the Attorney General's Office have taken sufficient measures to resolve Plaintiff's concerns regarding the disciplinary actions initially undertaken by NDOC officials after confidential information was communicated to NDOC personnel during the mediation session in that the Plaintiff's disciplinary charges being dismissed and expunged. Finally, the court is satisfied with the proposed changes to the protocol to be utilized

Minutes of Proceedings
3:14-cv-00443-RCJ-VPC
June 5, 2015

during mediation sessions when sensitive information as to whether otherwise confidential information could be shared with NDOC personnel.

      THEREFORE, IT IS ORDERED, Plaintiff's "Motion for Sanctions Pursuant to FRCP Rule 11" (Doc. # 12) is **DENIED**.

      In accordance to the referral in this specific matter, the court enters an additional forty-five (45) day stay to allow the parties to engage in further informal settlement discussions. The court directs that DAG Keegan arrange for a personal conference with the Plaintiff to discuss settlement. DAG Keegan is further directed to submit a supplemental report from the Office of the Attorney General regarding the extended stay and outcome of the anticipated informal settlement discussions no later than **Monday, July 20, 2015**. The stay in this matter shall be lifted on July 20, 2015, or after the report concerning further settlement discussions is submitted by DAG Keegan.

      There being no additional matters to address at this time, court adjourns at 11:57 a.m.

**IT IS SO ORDERED**.

      LANCE S. WILSON, CLERK

      By: _____/s/_____
      Katie Lynn Ogden, Deputy Clerk